# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 25-1496, West Neck Community Association, Inc. v. JBWK, LLC |
| **Originating No. & Caption** | 2:22-cv-00491-EWH-LRL, West Neck Community Association, I |
| **Originating Court/Agency** | United States District Court, Eastern District of Virginia, Norfolk |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 1291 | |
| Time allowed for filing in Court of Appeals | 30 days | |
| Date of entry of order or judgment appealed | March 31, 2025 | |
| Date notice of appeal or petition for review filed | May 13, 2025 cross-appeal | |
| If cross appeal, date first appeal filed | April 30, 2025 | |
| Date of filing any post-judgment motion | n/a | |
| Date order entered disposing of any post-judgment motion | n/a | |
| Date of filing any motion to extend appeal period | n/a | |
| Time for filing appeal extended to | n/a | |
| Is appeal from final judgment or order? | ● Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? n/a | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ● No |

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ⦿ No |
| Has transcript been filed in district court? | ○ Yes | ⦿ No |
| Is transcript order attached? | ○ Yes | ⦿ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | n/a | |
| Case number of any pending appeal in same case | n/a | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | n/a | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ⦿ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ⦿ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ⦿ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ⦿ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| This matter involved a dispute regarding the interpretation of the contract governing the parties, the Declaration of Covenants, Conditions, and Restrictions for West Neck (the "Declaration").  West Neck initially filed an action in Virginia state General District Court, a court with limited jurisdiction, against JBWK, and JBWK removed the matter and sought a declaratory judgment. The district court denied West Neck's motion to remand to state court and denied West Neck's motion for leave to amend its complaint to add counts that were not within the jurisdiction of the state court of limited jurisdiction.  Ultimately, the district court ruled in summary judgment that West Neck had enforcement rights related to the use of the Property and has the ability to enforce JBWK's compliance with the Declaration.  It further found that JBWK's use of the Property as a tree farm was not permitted by the Declaration.  As asserted by West Neck, the Court found that JBWK's use of the property was limited to residential, recreational, or related purposes.  Finally, the district court found that JBWK must comply with the Community Wide Standard in maintaining its property.  The court found partially in favor of JBWK when it ruled that JBWK is the "Declarant" under the Declaration, the court dismissed West Neck's claim for damages against JBWK, and it interpreted portions of the Declaration in favor of JBWK.  JBWK noted its appeal of the district court's decision on April 30, 2025.  West Neck then filed a notice of cross-appeal on May 13, 2025. |

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| 1. Whether the District Court abused its discretion in denying West Neck's Motion for leave to file an amended complaint adding issues not raised in its original state court pleading after denying West Neck's Motion to remand to the state court of limited jurisdiction.<br><br>2. Whether the District Court erred in not allowing West Neck to enforce the Community-Wide Standard because West Neck did not provide a copy of the Community-Wide Standard when the Community Wide standard is defined in the Declaration.<br>3. Whether the District Court erred in deciding, on summary judgment, whether JBWK's acquisition of the property at issue was for the purpose of development and sale, as opposed to operation of a business.<br>4. Whether the District Court erred in concluding, on summary judgment, that JBWK was the successor Declarant despite JBWK not satisfying the criteria set forth in the Declaration and the law.<br>5. Whether the District Court erred in recognizing, on summary judgment, JWBK's right to operate a Private Amenity without making a factual finding to support the conclusion.<br>6. Whether the District Court erred in finding, on summary judgment, that West Neck did not comply with the dispute resolution procedures in the Governing Documents |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: JBWK, LLC<br><br>Attorney: John D. McIntyre, Esq.<br>Address: McIntyre Stein, PLLC<br>150 Boush St.<br>Suite 401<br>Norfolk, VA 23510<br><br>E-mail: jmcintyre@msa.law<br><br>Phone: 757-961-3933 | Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |
| **Adverse Parties (continued)** ||
| Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

| Appellant (Attach additional page if necessary.) | |
|---|---|
| Name: West Neck Community Association, Inc. (Cross-Appellant)<br>Attorney: Jeffrey A. Hunn, Esq.<br>Address: 222 Central Park Ave.<br>Suite 400<br>Virginia Beach, VA 23462<br><br>E-mail: jhunn@pendercoward.com<br>Phone: 757-490-6298 | Name:<br><br>Attorney:<br>Address:<br><br><br><br><br>E-mail:<br><br>Phone: |
| **Appellant (continued)** | |
| Name:<br><br>Attorney:<br>Address:<br><br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** /s/ Jeff Hunn  **Date:** 5/27/2025

**Counsel for:** West Neck Community Association, Inc.

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| | |
| Signature: | Date: |